IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ALICIA JONES, *individually,* and as
*Administratrix* for the Estate
of TITO JONES

  Plaintiff,

vs.

REGINA BOSWELL, R.N.,
PAUL BUCZYNSKY, M.D.,
DEPUTY SGT. SHALIETHIA JONES,
DETENTION OFFICER NINA JOHNSON,
and DETENTION OFFICER
CARLOS DICKSON,

  Defendants

Civil Action File No.
3:09-CV-72 CDL

_____

## **PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

-1-

**Classification:**

This action is classified as "440;" this action seeks damages for violating Plaintiff's rights while he was in custody.

**Factual Outline**:

Tito Jones died on September 21, 2007, of asthma complications while in the custody of the Greene County Sheriff's Department at the Greene County Detention Center. Although a life long asthmatic, a condition known to the Defendants, Jones received little or no medical attention to his worsening condition as he spiraled down in his physical condition during the week of September 17 - 21st, 2007.

**Legal Issues:**

Plaintiff shows that among the legal issues presented by this action are the following:

a. Whether the individual Defendants were deliberately indifferent to Mr. Jones' need for immediate medical treatment, thereby inflicting unnecessary and wanton infliction of pain;

b. Whether the individual Defendants breached duties assigned to them by virtue of the policies and procedures of the Greene County Sheriff's Department which resulted in harm to the deceased;

c. Whether the deliberate indifference of the individual Defendants resulted in Mr. Jones' wrongful deprivation of his life and causing him to endure pain and suffering;

d. Whether the medical provider defendants, or either of them, were medically negligent and whether such negligence resulted in the death of Mr. Jones;

e. Whether the defendants, or either of them, negligently or willfully or wrongfully breached statutory duties associated with the rendering of care to Tito Jones.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Federal Law**

Washington v. Dugger, 860 F.2d 1018 (11th Cir. 1988)

West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)

Ancata v. Prison Health Servs., Inc., 769 F.2d 700 (11th Cir.1985).

Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995)

Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) ("We reaffirm our position . . . that grossly incompetent medical care or choice of an easier but less

efficacious course of treatment can constitute deliberate indifference.").

Hinson v. Edmond, 192 F.3d 1342, 1347 (11th Cir. Ga. 1999)

**State Law**

Title 42, Chapter 4 of the Georgia Code pertaining to medical services to persons in the custody of a Sheriff's Department.

(3)	Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

>See Attachment A.

(4)	Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiff has not made a determination as to expert witnesses.  This response will be supplemented as necessary.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

The categories of damages sought by the Plaintiff include the physical and emotional pain and mental anguish suffered by Plaintiff, all expenses of his burial and that Alicia Parker be awarded all damages allowable under Georgia law for the wrongful death of Tito Jones including, but not limited to, the full value of his life.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which *may* be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment F.)

Plaintiff does not possess such agreement.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

There is no known person or legal entity having a subrogation interest in the cause of action set forth in Plaintiff's cause of action.

So submitted on this the 14th day of September, 2009.

S/ G. BRIAN SPEARS  
Bar No. 670112  
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.  
Atlanta, Georgia 30306  
Tele: (404) 872-7086  
Fax: (404) 892-1128

<pre>                                          S/ HENRY A.  HIBBERT
                                          Henry A. Hibbert
                                          Ga. Bar No. 35051
                                          Attorney for Plaintiff
</pre>

1401 Peachtree St., Suite 500
Atlanta, GA   30309
404-870-8514 phone
404-870-6704 fax

# ATTACHMENT "A"

| | |
|---|---|
| Boswell, Regina RN | Defendant |
| Brown, George | Greene County Sheriff's Dept. |
| Buczynsky, Paul MD | Defendant |
| Conway, Laura | GBI Forensic Science Investigator |
| Copeland, Josh | Greene County Sheriff's Dept. |
| Dickson, Carlos | Defendant |
| Evans, Angela | Greene County Sheriff's Dept. |
| Evans, D.O. | Greene County Sheriff's Dept. |
| Finch, Tracy | Greene County Paramedic |
| Gass, Jerrie | GBI Medical Examiner Investigator |
| Griffin, Steven | Greene County Sheriff's Dept. |
| Houston, Chris | Greene County Sheriff |
| Johnson, Nina | Defendant |
| Jones, Alicia | Plaintiff; now known as Alicia Parker |
| Jones, Shaliethia | Defendant |
| Keeton, Cindy | Greene County Sheriff's Dept. |
| Kilcrease, Klay | GBI Special Agent |
| Kimbrough | former inmate, Greene County Jail |
| Lewis, Marquis | former inmate, Greene County Jail |
| McCommons, Billy | Deputy Coroner, Greene County |
| McCommons, Stephen | Coroner, Greene County |
| Portee, Dr. Simon | Emergency Room physician, Minnie Boswell |
| Scott, Johnny | Greene County Sheriff's Dept. |
| Smith, Kenneth | GBI Forensic Toxicologist |
| Smith, Scott | Greene County Sheriff's Dept. Investigator |
| Southerland, Dr. | Hunter Pharmacy |
| Sperry, Kris | GBI Medical Examiner |
| Stancil, Deputy | Greene County Sheriff's Dept. |
| Terrell, Willy C., Jr. | former inmate, Greene County Jail |
| Thurmond, Ron | Greene County Sheriff's Dept. |

# ATTACHMENT "C"

GBI Investigative Report (including photos)

GBI Medical Examiner's Report

Sheriff's Open Records Act Request documents produced in August, 2008

Minnie Boswell Hospital - medical and pharmaceutical records

P.O.S.T. Officer/Defendant records

Hunter Drug Store records

Sheriff's Supplemental Open Records Act Request documents produced in February, 2009

Cell video produced by Sheriff's Department

# CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2009, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

      Kevin Morris, Esq.
      WILLIAMS, MORRIS & BLUM, LLC
      Bldg. 400, Suite A
      4330 South Lee Street
      Buford, Georgia 30518
      Attorneys for Defendants

      S/BRIAN SPEARS, ECF-Registered Attorney
      Georgia Bar No. 670112
      Attorney for Plaintiff
      1126 Ponce de Leon Avenue
      Atlanta, GA 30306
      Telephone: (404) 872-7086
      Email: Bspears@mindspring.com